IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DARNELL L. RUSSELL,

               Petitioner,

     vs.

SCOTT FRAKES, Director of Nebraska
Department of Correctional Services; and
MICHELLE CAPPS, Warden of
Nebraska State Penitentiary, Lincoln,
Nebraska;

               Respondents.

**8:19CV213**

**MEMORANDUM AND ORDER**

Pending before me is Respondents' motion for summary judgment claiming Petitioner's habeas petition is barred by the limitations period set out in 28 U.S.C. § 2244(d). Respondent is correct, and the motion will be granted. Also pending before me is Petitioner's motion to consider an additional exhibit. That motion will be granted but it does not make a difference.

### *Facts*

1. On December 12, 2013, the State charged Petitioner with Conspiracy to Commit Unlawful Possession with Intent to Deliver a Controlled Substance, Crack Cocaine, a Class IB felony.

2. On January 15, 2016, the Nebraska Supreme Court affirmed Petitioner's conviction and sentence. Filing no. 10-6. Petitioner had 90 days within which to seek review in the Supreme Court[1], but he did not do so.

---

[1] Rule 13 of the Supreme Court Rules states in pertinent part: "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces)

Accordingly, under federal law, the clock began to run no later than April 14, 2016.

3. Giving him the benefit of the doubt, 291 days ran until Petitioner began to pursue his state post-conviction remedies on January 30, 2017. Filing no. 10-5 at CM/ECF p. 1. The clock began to run again on February 4, 2019, when the Nebraska Supreme Court issued its mandate after refusing to hear a petition for further review from the adverse decision of the Nebraska Court of Appeals. Filing no. 10-3 at CM/ECF p. 3.  At that point, the federal clock started again.

4. Petitioner claims he placed his federal habeas petition in the prison mailbox on April 24, 2019. Filing no. 1 at CM/ECF p. 15. Assuming, without deciding, that the federal clock stopped on that date, I add 79 days to the 291 days that were expended between the end of direct review, including the time to seek review in the Supreme Court, and the filing and resolution of Petitioner's post-conviction motion measured from the issuance of the state mandate. In other words, at least 370 days passed, and counted against Petitioner, before the habeas petition was deemed filed.

### *Analysis*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1).

28 U.S.C. § 2244(d) states in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

---

is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."

latest of—

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent submits that Petitioner's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Respondent is correct. Giving Petitioner every benefit of the doubt, he missed the filing deadline by at least five days.

Petitioner's sole argument[2] is that he had extra time because the 90-day period to seek review in the Supreme Court ran from the date the Nebraska Supreme Court issued its mandate in the direct appeal. That is not the law. *See, e.g., Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—

---

[2] Petitioner also argues that he is entitled to the prison mailbox rule. For the sake of argument, I have assumed that is true for purposes of the calculation set forth in the text.

when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court . . . expires.")[3]

Petitioner makes no argument regarding a statutory impediment or entitlement to equitable tolling. Thus, and to summarize, although Petitioner nearly made the deadline, close is not good enough. *See*, *e.g.*, *Modrowski v. Mote*, 322 F.3d 965, 966 (7th Cir. 2003) (affirming dismissal of habeas petition that was one day late). Therefore, Petitioner's habeas petition will be dismissed as untimely.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for habeas corpus, Filing no. 1, is dismissed with prejudice. The motion for summary judgment, Filing no. 9, is granted. The

---

[3] For post-conviction matters, a post-conviction action filed in state court remains pending and tolls the clock until the state court issues its mandate (even if the Petitioner has sought a writ of certiorari in the Supreme Court). *Lawrence v. Florida*, 549 U.S. 327 (2007). The different treatment for direct appeals and post-conviction actions regarding the significance or lack thereof of the date of mandate results from the difference in language between § 2244(d)(1)(A) and § 2244(d)(2). *Id.* at 333. So, to be clear, for Petitioner's post-conviction action, I have given him the benefit of the mandate date but no more.

motion to offer exhibit, Filing no. 15, is granted. No certificate of appealability has been or will be issued. A separate judgment will be filed.

Dated this 27th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge