IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARNELL L. RUSSELL,<br><br>        Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director of Nebraska Department of Correctional Services; and MICHELLE CAPPS, Warden of Nebraska State Penitentiary, Lincoln, Nebraska;<br><br>        Respondents. | 8:19CV213<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on Petitioner's "Petition for Habeas Corpus Pursuant to the Doctrine of Equitable Tolling" (filing 33), which the court liberally construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6).

    On April 27, 2020, the court entered a Memorandum and Order and Judgment (filings 16 & 17) granting Respondents' summary judgment motion and dismissing Petitioner's habeas petition as untimely and barred by the limitations period set forth in 28 U.S.C. § 2244(d). Petitioner filed a Notice of Appeal (filing 19) which was received in this court on June 1, 2020, and his appeal is currently pending before the Eighth Circuit Court of Appeals. On August 17, 2020, the Eighth Circuit granted Petitioner's request for an extension of time to file an application for certificate of appealability and gave him until September 16, 2020 to file his application. (Filing 32.)

    Petitioner filed the present "Petition" or motion on September 17, 2020. The motion is captioned "In the United States District Court for the District of

Nebraska" but Petitioner has included his appellate case number, 20-2364. (Filing 33 at CM/ECF p. 1.) The court cannot precisely determine whether Petitioner intended to seek relief in this court by filing his "Petition" or whether the "Petition" was intended for the Eighth Circuit Court of Appeals in relation to his application for a certificate of appealability.

To the extent Petitioner seeks relief in this court, the court will construe his "Petition" as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6) (providing for relief from a judgment for "any other reason that justifies relief"). While the filing of a notice of appeal confers jurisdiction on the Court of Appeals and divests this court of its control over those aspects of the case involved in the appeal, the court may consider a motion pursuant to Fed. R. Civ. P. 60(b) on the merits and deny it even if an appeal is already pending in the Court of Appeals. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

Here, Petitioner asserts that he is entitled to equitable tolling of the one-year statute of limitations and claims, in conclusory fashion, that the court erroneously relied on a "miscalculation" by the State in determining his petition was time-barred and that to deny him equitable tolling will result in a "miscarriage of justice."[1] (Filing 33 at CM/ECF p. 2.) The court stands by its calculation of the limitations period applicable to Petitioner's habeas petition and will not revisit the matter. The court has also carefully considered the records in this case and Petitioner's arguments and finds he has failed to present any extraordinary circumstances that would warrant equitable tolling.

---

[1] Petitioner's claims are the proper subject of a Rule 60(b) motion and do not amount to a second or successive collateral attack on his conviction. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254).

IT IS THEREFORE ORDERED that:

1. Petitioner's "Petition for Habeas Corpus Pursuant to the Doctrine of Equitable Tolling" (filing 33), which the court liberally construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6), is denied.

2. Petitioner is advised that to seek appellate review of this denial, a separate notice of appeal must be filed to challenge this order.

3. The clerk of the court is directed to transmit a copy of Filing 33 and this Memorandum and Order to the Eighth Circuit Court of Appeals as a supplement to the Notice of Appeal.

Dated this 17th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge